IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE KING, | ) FILED: JULY 31, 2008 |
| | ) 08CV4358 |
| Plaintiff, | ) JUDGE COAR |
| | ) MAGISTRATE JUDGE VALDEZ |
| vs. | ) YM |
| | ) |
| CHICAGO POLICE OFFICERS | ) |
| DANIEL O'TOOLE, STAR NO. 15346, | ) |
| TODD LEFEBVRE, STAR NO. 18376 and | ) |
| CRAIG LANDRUM, STAR NO. 19365, | ) |
| Individually and as Employee/Agents of | ) |
| the City of Chicago, a Municipal | ) |
| Corporation, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

**COMPLAINT AT LAW**

NOW COMES, MAURICE KING, by and through his attorney, JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICERS DANIEL O'TOOLE, STAR NO. 15346, TODD LEFEBVRE, STAR NO. 18376 and CRAIG LANDRUM, STAR NO. 19365, (hereinafter referred to as "DEFENDANT OFFICERS") Individually and as Employee/Agents of the City of Chicago, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the

1

facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, MAURICE KING, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. The DEFENDANT OFFICERS were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On July 13, 2007 the DEFENDANT OFFICERS kicked in the door to the plaintiff's apartment located at 2020 E. 72nd Place in Chicago, Illinois.

6. The DEFENDANT OFFICERS did not have a search warrant, consent to search or any other legal justification to enter the plaintiff's apartment.

7. The plaintiff was handcuffed by the DEFENDANT OFFICERS and thrown on to a futon in his living room. One of the DEFENDANT OFFICERS held a pistol to the plaintiff's head while the other two DEFENDANT OFFICERS ransacked the apartment.

8. The DEFENDANT OFFICERS conspired to make false statements and police reports and conspired to falsely charge the Plaintiff with the criminal offense of delivery of a controlled substance.

9. As a direct result of the misconduct of the DEFENDANT OFFICERS described above, the Plaintiff was incarcerated in the Cook County Department of Corrections and was unable to attend the birth of his son.

10. On July 31, 2007, all criminal charges were dismissed by the Cook County State's Attorneys' Office in a manner indicative of the Plaintiff's innocence.

## COUNT I
### 42 U.S.C. § 1983: Excessive Force

11. Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

12. The acts of DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

13. As a result of the unreasonable and unjustifiable excessive force used by DEFENDANT OFFICERS, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT II
### Section 1983 Conspiracy Claim

14. Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

15. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

16. The conduct described in this Count was undertaken by the DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT III
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention

17. Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

18. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the plaintiff.

20. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT IV
### State Law Claim: Malicious Prosecution

21. Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

22. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

23. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

24. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

25. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

26. As a result of the above-described wrongful infringement of Plaintiff's rights, she has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

27. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT VI
### State Law claim: Indemnification

28. Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

29. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

30. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

### REQUEST FOR RELIEF

31. Plaintiff, MAURICE KING, respectfully requests that the Court:

   a. Enter judgment in his favor and against the DEFENDANT OFFICERS;

   b. Award compensatory damages against the DEFENDANT OFFICERS;

   c. Award attorneys' fees against the DEFENDANT OFFICERS;

   d. Award punitive damages against the DEFENDANT OFFICERS;

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, MAURICE KING demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

s/ : Jeffrey J. Neslund
Attorney for Plaintiff

Law Offices of Jeffrey J. Neslund
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 223-1100